Filed 3/30/22  P. v. Vargas CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B314912 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. ZM064532) |
| v. | |
| OSCAR VARGAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald Owen Kaye, Judge.  Affirmed.

Oscar Vargas, in pro. per.; Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On May 4, 2021, Oscar Vargas was charged with assault with a deadly weapon, making criminal threats, and resisting arrest. (Pen. Code, §§ 422, subd. (a), 245, subd. (a)(1), 69.)[1] The trial court declared a doubt concerning Vargas's competence to stand trial, suspended proceedings, and transferred the matter to mental health court.

Three mental health evaluations were completed, the evaluators reporting that Vargas suffered from bipolar disorder, presented a danger to himself and others, and was incompetent to stand trial.

Based on these reports, the trial court determined that Vargas was incompetent to stand trial and issued a one-year order for the use of involuntary psychotropic medication. (§§ 1368, 1369, 1370.)

Vargas appeals.

We appointed counsel to represent Vargas on appeal. After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On February 7, 2022, we sent letters to Vargas and appointed counsel, directing counsel to forward the appellate record to Vargas and advising him that within 30 days he could personally submit any contentions or issues that he wished us to consider.

Vargas filed a supplemental brief, arguing no substantial evidence supported the trial court's ruling because merely being diagnosed with a mental illness does not demonstrate that a defendant is incompetent to stand trial. (*Williams v. Woodford* (9th Cir. 2004) 384 F.3d 567, 604.) But here the trial court had

---

[1] Undesignated statutory references will be to the Penal Code.

more than simply a diagnosis, it also had the expert opinion of several medical health professionals that Vargas was incompetent to stand trial. This evidence supported the court's finding and order.

We have otherwise examined the entire record and find no arguable issue exists, and are therefore satisfied Vargas's attorney complied with the responsibilities *Wende* imposes.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

CRANDALL, J.[*]

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3